## Schultz v. Schultz

*Victor J. Roberts*, for plaintiff.
*Roland Fleer*, for defendant.

FORREST, J., January 21, 1958.—In this action in divorce a. m. e. t., plaintiff petitioned for a rule to show cause why leave should not be granted to discontinue the proceeding. A rule was duly granted, whereupon defendant filed an answer opposing the allowance of a discontinuance. Defendant contends that if the petition is not dismissed, he will suffer a great disadvantage.

No depositions were taken, and the matter was argued on petition and answer. From the admitted averments of the petition and the allegations of fact in the answer, the facts which are relevant for present purposes may be stated as follows.

The complaint in divorce was filed by plaintiff Josephine M. Schultz, on January 12, 1955. After its reinstatement, the complaint was served on defendant, Theodore L. Schultz, on February 24, 1955. On October 27, 1955, plaintiff signed an information before a

justice of the peace charging defendant with nonsupport. A warrant for defendant's arrest was issued, a hearing was waived, and a transcript of the justice of the peace was returned to the Court of Quarter Sessions of this county. On November 22, 1955, the parties hereto agreed upon the amount of support to be paid in said nonsupport action, and the Hon. George C. Corson entered an order thereon in the sum of $250 per month. At the time of such order, defendant was of the erroneous opinion that the parties were lawfully married to one another. In his original answer to the complaint in divorce, he admitted that he is plaintiff's lawfully wedded husband. After being advised that he had not been lawfully married to plaintiff and that his relationship had been meretricious, defendant petitioned for leave to amend his answer to the complaint in divorce so as to deny the allegation of the complaint that the parties were married in New York City on April 20, 1936. Leave to amend was duly granted by decree of the Hon. Harold G. Knight, whereupon defendant on November 4, 1957, filed an amended answer averring that the parties were never married. On November 12, 1957, *defendant* paid the $100 master's fee to the prothonotary, and three days later *defendant* filed a motion for the appointment of a master. His express purpose was to resolve the issue as to whether the parties were legally married. Plaintiff's petition to discontinue the action was not filed until November 22, 1957.

Plaintiff contends that the motive of the defendant in opposing the discontinuance of her action in divorce is to make a collateral attack upon the validity of the marriage and, if successful in such attack, to use such conquest as an avenue toward the ultimate goal of vacating the existing support order. Defendant's answer to this is that the matter of support is immaterial and irrelevant and that, having paid the

master's fee in good faith, he desires and is entitled to have his marital status settled in this case wherein it must necessarily be decided whether or not such status exists, and that otherwise plaintiff will harrass him with claims predicated upon her contention that the marital relation still exists between herself and defendant.

It is the policy of the courts to promote the continuance of the marriage relationship and the withdrawal or settlement of controversies: Rahal v. Rahal, 48 D. & C. 302 (1943). In Wurst v. Wurst, 14 Dist. R. 682 (1905), Judge Swartz, speaking for this court, stated, inter alia:

"The court will not refuse an application to dismiss unless the defendant will thereby suffer a disadvantage, or unless the public has an interest in the action.

" 'Disadvantage' means prejudice . . .": Schultz v. Schultz, 77 D. & C. 191, 192 (1951).

"Where the legality of the marriage is attacked, . . . the application to discontinue is usually disallowed": Wurst v. Wurst, supra. Later decisions in the same vein are Schwindt v. Schwindt, 23 Dist. R. 506 (1914), Crosby v. Crosby, 42 D. & C. 452 (1941), and Eich v. Eich, 83 D. & C. 255, 257 (1952). See also Freedman, Law of Marriage and Divorce in Pennsylvania (2nd ed.), vol. 3, p. 1287; 27 C. J. S. 761 §146.

If we were to make this rule absolute, defendant might suffer the loss of part or all of the master's fee which he has paid. However, the more severe loss to defendant might appear to be that of a convenient forum, already voluntarily selected by plaintiff, within which to establish whether or not a valid marriage subsists between the parties.

We need not consider whether a decree refusing a divorce on the ground that the parties are not validly married would have the effect of terminating plain-

tiff's right to support under the order of the Court of Quarter Sessions. That question may be raised in a proper manner and at the proper time in the Quarter Sessions Court.

And now, January 21, 1958, the rule is discharged and the petition is dismissed. An exception is granted to petitioner.